UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAL ALTOWAITI, AMANI TAHIR ALTOWAITI, M.A. (1) (a minor child), J.A. (1) (a minor child), J.A. (2) (a minor child), J.A. (3) (a minor child), AKRAM ALGOMAI, TAKWA ALGOMAI, M.A. (2) (a minor child), WEJDAN ASSAIDI, MAJED AL-SAIDI, FAISAL EL NAHAM, AIKAL EL NAHAM, ALI AL SORMI, and ABEER AL SORMI,

      Plaintiffs,

– *against* –

CHAD WOLF, Acting Secretary of the Department of Homeland Security; KENNETH CUCCINELLI, Acting Director of Citizenship and Immigration Services; LEE BOWLES, Acting Director USCIS New York District; SUSAN QUINTANA, Director New York City Field Office,

      Defendants.

**OPINION & ORDER**

18 Civ. 508 (ER)

Ramos, D.J.:

  Plaintiffs—five families of Yemeni descent, including Yemeni nationals and their U.S. citizen and lawful permanent resident family members—bring this suit alleging that their visa applications have been unlawfully denied. Doc. 79. They bring claims under the Administrative Procedure Act and the Declaratory Judgment Act, as well as substantive and procedural due process claims under the United States Constitution. Pending before the Court is Defendants' motion to dismiss the claims of some of the Plaintiffs for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and to sever the claims of the remaining Plaintiffs pursuant to Federal

Rule of Civil Procedure 21, Doc. 89, and Plaintiffs' counter-motion for leave to amend their complaint, Doc. 97.

For the following reasons, Defendants' motion is GRANTED, and Plaintiffs' counter-motion is DENIED.

I. BACKGROUND

### A. Factual Background

The Court assumes familiarity with its prior opinion in this case. *Altowaiti v. Cissna*, No. 18 Civ. 508 (ER), 2020 WL 2036703 (S.D.N.Y. Apr. 28, 2020).

The immediate relatives of U.S. citizens and lawful permanent residents may, under certain circumstances, immigrate to the United States. *See Cuthill v. Blinken*, 990 F.3d 272, 274 (2d Cir. 2021). To begin the process, the U.S. citizen or lawful permanent resident must file an I-130, Petition of Alien Relative. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a), 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). Approval of an I-130 petition means only that a relationship has been established; it does not grant a visa or permanent resident status. *See Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 47–48 (2014). Instead, approval of the I-130 petition allows the beneficiary to proceed to the second step of the process, which is to apply for a visa. *See* 8 U.S.C. §§ 1154, 1255(a); *see also Cuthill*, 990 F.3d at 274–75.

Plaintiffs include five petitioners—that is, U.S. citizens or lawful permanent residents who have filed one or more I-130 petitions—and their beneficiaries—that is, potentially eligible relatives of the petitioners on whose behalf their respective petitions have been filed. *See* Doc. 79 ¶¶ 48–62. For the rest of the opinion, the Court groups Plaintiffs according to their sponsoring petitioner, as follows:

- The "Altowaiti Family": Jamal Altowaiti, a U.S. citizen petitioning for his wife and children;
- The "Algomai Family": Akram Algomai, a U.S. citizen petitioning for his children;

- The "Assaidi Family":  Wejdan Assaidi, a U.S. citizen petitioning for her husband;
- The "El Naham Family":  Faisal El Naham, a U.S. citizen petitioning for his child; and
- The "Al Sormi Family":  Ali Al Sormi, a legal permanent resident petitioning for his child.

Plaintiffs allege that U.S. Citizenship and Immigration Services ("USCIS") improperly denied their I-130 petitions, filed between October 2014 and March 30, 2017. *Id.* ¶¶ 67–90.  These denials were allegedly systemic and purposeful, targeted specifically towards Yemeni beneficiaries.  *Id.* ¶ 2.  Plaintiffs further allege that Defendants have engaged in intentional and discriminatory practices, procedures, policies, and programs enacted to frustrate and prevent Yemeni Muslim immigration to the Unites States, which has resulted in unconscionable and purposeful delays and denials in the adjudication of immigration benefits of Yemeni nationals.  *Id.* ¶ 5.  According to Plaintiffs, these policies and procedures include higher standards of proof to demonstrate family relationships, intentionally delaying interviews, issuing requests for more evidence and for DNA evidence, requesting immaterial evidence, and subjecting minor infants to enhanced security checks.  *Id.* ¶¶ 91–96.

**B. Procedural History**

This suit was brought on January 19, 2018.  Doc. 1.  In the original complaint, Plaintiffs consisted of seventeen families of Yemeni descent who sought mandamus relief to compel Defendants to properly adjudicate in good faith forty individual I-130 petitions within thirty days and issue a final decision on the petitions.  Doc. 6.[1]  They also brought claims under the APA for failing to act on their petitions, under the Declaratory Judgment Act for a declaration that Defendants failed to discharge their official duties, and under the U.S. Constitution for substantive and procedural due process violations.  *Id.*

---

[1] The First Amended Complaint, Doc. 6, was filed in response to a filing deficiency in the original complaint, Doc. 1.

3

On November 12, 2019, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for mootness, and 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 66. In that motion, Defendants noted that thirty-nine of the forty petitions had already been adjudicated; of those adjudicated, thirty had been approved, and nine had been denied. Doc. 68. In response, Plaintiffs did not dispute that those petitions had been adjudicated; instead, they filed a counter-motion for leave to amend their complaint, bringing claims on behalf of the five Yemeni families at issue in the operative complaint for the denial of their petitions. Doc. 71. On April 28, 2020, the Court granted both motions. Doc. 77.

On May 5, 2020, Plaintiffs filed the operative complaint, asserting violations of the APA and procedural and substantive due process, and seeking declaratory relief. Doc. 79. On October 23, 2020, Defendants filed the instant motion to dismiss the El Naham and Algomai Families' claims, and to sever the Altowaiti, Assaidi, and Al Sormi Families' claims into three separate actions. Doc. 89. On November 19, 2020, Plaintiffs filed their opposition, raising the possibility of amending their complaint. Doc. 97.

## II. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Altowaiti*, 2020 WL 2036703, at *2. When

evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court accepts all material factual allegations in the complaint as true but does not draw inferences from the complaint favorable to the plaintiff. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

**B. Analysis**

*1. El Naham Family*

Defendants argue that the Court should dismiss the claims brought by the El Naham Family, as USCIS approved their I-130 petitions on February 7, 2020, rendering their claims moot. Plaintiffs concede that the El Naham Family's claims have been rendered moot. Doc. 97 at 2. The Court agrees. Accordingly, the El Naham Family's claims are dismissed for lack of subject matter jurisdiction.

*2. Algomai Family*

Defendants argue that the Algomai Family's claims should also be dismissed for lack of subject matter jurisdiction. Defendants note that agency action is generally not reviewable until that action becomes final, which the Second Circuit has emphasized is determined by "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) (quotation omitted). Defendants emphasize, and Plaintiffs do not dispute, that the Algomai Family's petitions have been denied by UCSIS and that the Algomai Family sought further administrative review by appealing those decisions to the Board of Immigration of Appeals ("BIA"). Additionally, those denials state that USCIS's "decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer." Doc. 92-2 at 7. And as Defendants note, those appeals remain pending before the BIA. Defendants argue that, accordingly, the agency actions as to the Algomai Family are not final, and the Court therefore lacks subject matter jurisdiction over their claims.

5

Plaintiffs do not dispute that there has yet to be a final agency action regarding the Algomai family's petition; instead, Plaintiffs argue that they should be afforded the opportunity to amend their complaint to challenge the alleged delay in resolving the BIA appeal—which has been pending since March 18, 2019—pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. § 1361. In their reply, Defendants assert that Plaintiffs have therefore conceded that the Court lacks subject matter jurisdiction over the case and that, accordingly, the Rule 12(b)(1) motion should be granted as to the Algomai Family's claims. However, because lack of subject matter jurisdiction can never be waived or forfeited, the Court must independently determine whether it has the power to hear and decide the case regardless of any concessions by the parties. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Oneida Indian Nation v. Phillips*, 981 F.3d 157, 170 (2d Cir. 2020). As such, the Court cannot grant a Rule 12(b)(1) motion simply because a plaintiff fails to respond to jurisdictional arguments raised by a defendant.

Moreover, the Court concludes that a Rule 12(b)(1) motion is not the proper vehicle for Defendants' request. "Under the APA, a court may review federal agency action only if there is a statute permitting such review or if the challenged decision is the 'final agency action for which there is no other adequate remedy in a court.'" *6801 Realty Co., LLC v. U.S. Citizenship & Immigr. Servs.*, 719 F. App'x 58, 60 (2d Cir. 2018) (quoting 5 U.S.C. § 704) (summary order); *see also Sharkey*, 541 F.3d at 83–84. "The APA makes a '*final* agency action for which there is no other adequate remedy in a court . . . subject to judicial review.'" *Salazar v. King*, 822 F.3d 61, 82 (2d Cir. 2016) (quoting 5 U.S.C. § 704). Two conditions must be met to render an agency action final. *Id.* (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). "First, the action must mark the consummation of the agency's decisionmaking process"—that is, "it must not be of a merely tentative or interlocutory nature." *Id.* (quoting *Bennett*, 520 U.S. at 177–78). "And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (quoting *Bennett*, 520 U.S.

at 178). "For the second prong, the 'core question' is 'whether the result of [the agency's decisionmaking] process is one that will directly affect the parties.'" *Id.* (quoting *Sharkey*, 541 F.3d at 88). Moreover, "[t]he Supreme Court has interpreted the finality element in a 'pragmatic way.'" *Id.* (quoting *Sharkey*, 541 F.3d at 88).

As the Second Circuit has noted, "whether the APA's 'final agency action' requirement, 5 U.S.C. § 704, is jurisdictional is an open question in our Circuit." *6801 Realty Co., LLC*, 719 F. App'x at 59 n.1 (citing *Sharkey*, 541 F.3d at 87–88); *see also Planned Parenthood of N.Y.C., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 337 F. Supp. 3d 308, 327 n.11 (S.D.N.Y. 2018). However, and as other courts in this District have noted, the majority of courts in other circuits and commentators indicate that the "final agency action" requirement is nonjurisdictional, meaning that it does not implicate the Court's power to hear and decide a case. *Planned Parenthood*, 337 F. Supp. 3d at 327 n.11; *see also Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 350–51 (S.D.N.Y. 2014). These courts have relied on the Supreme Court's recent jurisprudence emphasizing that, absent a clear statement that a statutory limitation is jurisdictional, courts should treat such restrictions as nonjurisdictional in character. *See, e.g.*, *Planned Parenthood*, 337 F. Supp. 3d at 327 n.11; *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)). Consistent with this growing consensus, the Second Circuit—albeit in a summary order—concluded that the question of "final agency action" is one of statutory standing, *6801 Realty Co., LLC*, 719 F. App'x at 59 n.1, meaning that it does not relate to the Court's subject matter jurisdiction, *see Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, No. 14 Civ. 712 (SHS), 2020 WL 4349840, at *2 (S.D.N.Y. July 29, 2020) (citing *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). Accordingly, the Court concludes that the question of "final agency action" does not implicate the Court's subject matter jurisdiction but rather implicates the issue of

7

whether Algomai "has a cause of action under the" APA—that is, the requirement is merely an essential element of an APA claim for relief. *See Am. Psychiatric Ass'n*, 821 F.3d at 359 (quotation mark omitted) (quoting *Lexmark*, 572 U.S. at 128). As such, Defendants' motion to dismiss "should have been brought under Rule 12(b)(6), not 12(b)(1)." [2] *See Alphas Co. of N.Y. Inc. v. Hunts Point Terminal Produce Coop., Inc.*, No. 14 Civ. 145 (ALC), 2017 WL 1929506, at *3 (S.D.N.Y. May 9, 2017); *see also Pearl River*, 56 F. Supp. 3d at 350–51.

Given that Defendants' sole ground for dismissal as to the Algomai Family's claims is that there has been no final agency action, and given that the standard of review for a 12(b)(1) motion is "substantively identical" to the standard for a Rule 12(b)(6) motion, the Court construes the motion as one brought under Rule 12(b)(6) rather than one brought under Rule 12(b)(1). *See Alphas Co.*, 2017 WL 1929506, at *3 & n.2 (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)); *see also Mai v. Colvin*, No. 14 Civ. 5414 (PKC), 2015 WL 8484435, at *3 (E.D.N.Y. Dec. 9, 2015). Further, while Plaintiffs cannot concede or waive the issue of jurisdiction, they can concede or waive the issue of whether they failed to state a claim. Indeed, numerous courts in this District have held that a plaintiff's failure to address an issue in an opposition to a Rule 12(b)(6) motion "amounts to a concession or waiver of the argument." *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16 Civ. 7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (collecting cases). Accordingly, Plaintiffs' silence in their "opposition concedes Defendants' arguments concerning the [complaint's]

---

[2] Additionally, the Court notes that the Second Circuit has determined that a district court has jurisdiction to review the denial of an I-130 petition. *See Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009); *see also Sofiane v. Dep't of Homeland Sec.*, No. 09 Civ. 1860 (JCH), 2010 WL 1882267, at *3 (D. Conn. May 10, 2010).

8

failure to state a claim" as to the Algomai Family, and those claims are therefore dismissed pursuant to Rule 12(b)(6).³ *See id.*

## III. LEAVE TO AMEND

As noted, in lieu of opposing dismissal of their current claims, the Algomai Family argues that they should be afforded the opportunity to amend their complaint to challenge the BIA's delay in adjudicating their appeal of UCSIS's decision. Although the Algomai Family raises this request for the first time in their opposition to Defendants' motion to dismiss, Defendants have responded to and fully briefed the issue in their reply. Accordingly, the Court construes and accepts the Algomai Family's request as a counter-motion for leave to amend the complaint.

### A. Legal Standard

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[a] court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15 (a)(2). This is a liberal standard, and "a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *see also Ithaca Cap. Invs. I S.A. v Trump Panama Hotel Mgmt. LLC,* 450 F. Supp. 3d 358, 369 (S.D.N.Y. 2020).

The Second Circuit has held that leave to amend may be denied based on futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999) (quotation omitted). The non-moving party bears the burden of establishing the amendment's futility. *Ithaca Cap.*, 450 F. Supp.3d at 377. To determine whether a proposed pleading

---

³ Because of Plaintiffs' concession, the Court does not determine whether USCIS's denial of an I-130, while a BIA appeal of that decision remains pending, constitutes a "final agency action" for the purpose of 5 U.S.C. § 704.

is futile, courts analyze whether it would withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Agerbrink*, 155 F. Supp. 3d at 456.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). However, this flexible plausibility standard is not a heightened pleading standard, *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y 2012) (quoting *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375, 368 (2d Cir. 1995)). Indeed, "the purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv,* 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Accordingly, when considering a motion to amend a pleading, a "court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Agerbrink*, 155 F. Supp. 3d at 456.

**B. Analysis**

The Algomai Family requests leave to amend their complaint to challenge the delay in adjudication of their appeal before the BIA, pursuant to 5 U.S.C. § 706(1) and the Mandamus Act, 28 U.S.C. § 1361. That appeal has been pending before the BIA since March 18, 2019, and through their proposed amendments, the Algomai Family seeks an order compelling Defendants to adjudicate that appeal.

"The APA provides for judicial review of an agency action that is . . . 'unreasonably delayed.'" *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 51 (S.D.N.Y. 2020) (quoting 5 U.S.C. § 706(1)). In such circumstances, the Court can compel agency action. *See* 5 U.S.C. § 706(1). But critically, "[a] claim asserting unreasonable delay 'can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" *Almakalani v. McAleenan*, No. 18 Civ 398 (NGG) (CLP), 2021 WL 980846, at *8 (E.D.N.Y. Mar. 16, 2021) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). In determining the reasonableness of delay, courts "look to the source of delay—*e.g.*, the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Xu*, 434 F. Supp. 3d at 51 (quoting *Reddy v. CFTC*, 191 F.3d 109, 120 (2d Cir. 1999)) (quotation mark omitted). More specifically, "[c]ourts evaluate APA claims that agencies have unreasonably delayed in adjudicating plaintiffs' pending administrative matters by applying a six-part standard set forth in *Telecommunications Research & Action Center v. FCC ("TRAC")*, 750 F.2d 70 (D.C. Cir. 1984)." *Almakalani*, 2021 WL 980846, at *9. That standard provides that:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human

> health and welfare are at stake; (4) the court should consider
> the effect of expediting delayed action on agency activities
> of a higher or competing priority; (5) the court should also
> take into account the nature and extent of the interests
> prejudiced by delay; and (6) the court need not find any
> impropriety lurking behind agency lassitude in order to hold
> that agency action is unreasonably delayed.

*Id.* *10 (quoting *TRAC*, 750 F.2d at 80).

The Court concludes that the proposed amendment would be futile. As an initial matter, USCIS has already denied the I-130 petitions relating to the Algomai Family. As such, the Court "cannot order an agency to take an action that it has already taken." *See id.* at *11. Moreover, as Defendants note, the pending appeal is before the BIA within the Executive Office for Immigration Review, which is itself a component of the Department of Justice, and the BIA is not a party to this suit; USCIS, on the other hand, is a component of the Department of Homeland Security and has no control over the appeal before the BIA. Thus, there is no required agency action that *Defendants* have failed to take at this time. *See id.* at *8. Accordingly, the Algomai Family can prove no set of facts in support of their proposed claim pursuant to 5 U.S.C. § 706(1) against Defendants, rendering such a claim futile.

Likewise, the Algomai Family's proposed claim pursuant to the Mandamus Act, 28 U.S.C. § 1361, is futile. The Mandamus Act states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The action that the plaintiff seeks to compel must be subject to positive command, plainly described, and free from doubt." *Xu*, 434 F. Supp. 3d at 55 (quoting *Keane v. Chertoff*, 419 F. Supp. 2d 597, 599 (S.D.N.Y. 2006)). To obtain mandamus relief, a plaintiff must show "that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*,

523 F.3d 119, 133 (2d Cir. 2008); *see also Almakalani*, 2021 WL 980846, at *11. As noted, the appeal is pending before the BIA, an agency of the Department of Justice—not before Defendants, who are employees of the Department of Homeland Security. Defendants thus lack any duty to adjudicate the appeal. Because the Algomai Family can prove no set of facts in support of their proposed claim pursuant to 28 U.S.C. § 1361, such a claim is also futile. Accordingly, the Court denies the Algomai Family leave to amend the complaint.

## IV. MOTION TO SEVER

### A. Legal Standard

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Under Federal Rule of Civil Procedure 20, plaintiffs may be joined in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "(B) any question of law or fact common to all plaintiffs will arise in the action." Fed R. Civ. P. 20(a)(1). "Courts in this Circuit have considered other factors, in addition to the Rule 20 criteria, when evaluating Rule 21 motions, such as 'whether settlement of the claims or judicial economy would be facilitated; . . . whether prejudice would be avoided if severance were granted; and . . . whether different witnesses and documentary proof are required for the separate claims.'" *Iconix Brand Grp., Inc. v. Roc Nation Apparel Grp., LLC*, No. 17 Civ. 3096 (AJN), 2019 WL 5203256, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502–03 (S.D.N.Y. 2013)). Although severance requires the presence of only one of those conditions, federal courts view severance as a procedural device to be employed only in exceptional circumstances. *Oram*, 979 F. Supp. 2d at 503.

### B. Analysis

Defendants argue that the three remaining Plaintiff families should be severed into three actions: one action for the Altowaiti family, one for the Assaidi family, and one for the Al Sormi family. In their motion, Defendants request that, upon severance, those Plaintiffs be given a date certain by which to file an amended complaint asserting only claims arising from the I-130s submitted on behalf of their respective families. Doc. 91 at 25–26. Additionally, Defendants request sixty days from that deadline to answer or otherwise respond to the amended complaints. *Id.* at 26. Plaintiffs agree that the three actions should be severed. Accordingly, the Court grants Defendants' motion to sever the instant suit into three separate actions.[4]

## V. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED, and Plaintiffs' counter-motion for leave to amend in DENIED. The following parties are hereby dismissed from this suit: the Algomai Family (Akram Algomai, Takwa Algomai, and M.A. (2)) and the El Naham Family (Faisal El Naham and Aikal El Naham). The Clerk of Court is respectfully directed to sever the instant suit into three actions:

- the Altowaiti Family (Jamal Altowaiti, Amani Tahir Altowaiti, M.A (1), J.A. (1), J.A. (2), and J.A. (3));
- the Assaidi Family (Wejdan Assaidi and Majed Al-Saidi); and
- the Al Sormi Family (Ali Al Sormi and Abeer Al Sormi).

Plaintiffs in each action are directed to file an amended complaint by August 3, 2021, asserting only claims arising from the I-130 petitions submitted on behalf of their respective family members. Defendants are directed to file an answer or otherwise

---

[4] In their reply brief, Defendants argue, for the first time, that venue is improper for the Al Sormi Family. Doc 99 at 3. "Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." *Sacchi v. Verizon Online LLC*, No. 14 Civ. 423 (RA), 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015) (alterations and quotation omitted). Accordingly, the Court declines to consider Defendants' argument regarding improper venue at this juncture.

respond to those amended complaints by October 4, 2021. The Clerk of Court is respectfully directed to terminate the motion. Doc. 89.

It is SO ORDERED.

Dated: July 12, 2021
       New York, New York

_____<br>
E<small>DGARDO</small> R<small>AMOS</small>, U.S.D.J.